NICHOLS & SHEPARD COMPANY, Appellant, v. W. L. HARDMAN, Respondent.

### St. Louis Court of Appeals, April 23, 1895.

1. **Contracts**: MENTAL INCAPACITY: PLEADING AND INSTRUCTIONS. While the mere fact that the mind of a person is impaired by age or disease does not render him incompetent to contract, yet, if the impairment from these causes is such as to destroy the capacity to understand the nature and effect of the transaction, the contract may be avoided. And *held*, that such incapacity had been properly alleged in the pleadings and properly submitted to the jury by instructions in this cause.

2. ————: ————: RELEVANCY OF EVIDENCE. In connection with the allegation of mental incapacity to contract, the answer in this cause alleged that the mental infirmity of the defendant consisted in part of an inability to judge the value of property which he had purchased from the plaintiff, and that he had been overreached by the plaintiff. *Held*, that evidence of the reasonable value of the property was pertinent to the issue.

*Appeal from the Scotland Circuit Court.*—HON. BENJAMIN E. TURNER, Judge.

AFFIRMED.

*E. Scofield* and *McKee & Jayne* for appellant.

No brief filed for respondent.

BOND, J.—Plaintiff sues for a balance due on three promissory notes, executed by defendant for the purchase of a six horse engine and separator. The defense is that the machine was only worth about one fourth of the amount for which the notes were given, and that defendant "being weak in mind and incapable of contracting, or managing or transacting the ordinary affairs of business or judging of the value of property," was

overreached and cheated by the false representations of plaintiff as to the value of said machines, and thus induced to execute the notes in suit. After an ineffectual effort to strike out this defense in the answer, plaintiff replied by a general denial and the case went to trial on this issue, and a verdict and judgment was given for defendant, from which this appeal is prosecuted.

The first error assigned is that the averments of defendant's answer were not sufficient to set up the defense of mental incapacity on his part in the transaction in suit. This objection is not well taken. The answer in effect alleges that defendant's mental weakness had reached the point of incapacity to contract, and disability to manage or transact the ordinary affairs of business or to judge of the value of property. This general averment was sufficient. While the mere fact that the mind of a person is impaired by age or disease does not render him incompetent to contract, yet, if the impairment from these causes is such as to destroy the capacity to understand the nature and effect of the transaction, the contract may be avoided. *Cutler v. Zollinger*, 117 Mo. *loc. cit.* 101.

Appellant also complains that the instruction given by the court of its own motion did not properly state the law. The instruction, except the portion referring to the amounts of the notes and credits thereon, and the form of finding, is to wit:

"If the jury shall believe from the evidence in the cause that defendant, at the time he bought the machine and engine, was a person of unsound mind and incapable of comprehending the business in which he was engaged, and the nature of the contract he was making, then in such a case the contract of purchase and the notes given for the purchase price thereof were invalid, and in such case the verdict should be for the defendant on all the counts.

"A person is of an unsound mind and incapable of making a contract, if, at the time of making such contract, he is incapable of comprehending the business in which he is engaged and the nature of the contract he is making.

"If the jury shall believe from the evidence in the cause that defendant, at the time he purchased the machine, had sufficient mind to comprehend the business in which he was engaged and the nature of the contract he was making, then, in such case, the contract was valid and the notes given for the purchase thereof are likewise valid, and the verdict should be for plaintiff on all the notes.

"The burden rests on defendant to prove unsoundness of mind."

The foregoing instruction is not open to criticism. It declares the law upon the issue therein submitted.

Neither can we sustain the assignment that the verdict was unsupported by the evidence. There was substantial evidence tending to prove the defense in the answer. The jury saw proper to give their credence to it. We can not set aside their verdict because opposed to the weight of evidence. Nor can we sustain the exception of appellant to the admission, by the court, of evidence as to the reasonable value of the machine when it was sold to defendant. The answer alleged that it had been sold to him at a gross overvaluation; that a part of his mental infirmity was the inability to judge as to the values of property. The evidence was, therefore, within the issues, and tended to corroborate the other proofs as to defendant's mental incapacity. Besides, its reception could not have been prejudicial, because the court distinctly told the jury in its instruction that, if they found the issue as to unsoundness of mind against the defendant, they

*must* return a verdict for the *full* amount of the notes sued for.

Finding no reversible error in the record, the judgment herein will be affirmed.  All concur.